Sullivan, J.
This was an action of debt on a prison-bounds bond. The bond and the condition, after oyer craved, were spread on the record. The breach, which was assigned in the replication, stated that the plaintiffs had recovered a judgment against Powell and Harwood for the sum of $174.93; that to have execution of said judgment, a ca. sa. was issued against them, by virtue of which Pwxoell was arrested and imprisoned; that for the purpose of obtaining the benefit ami privilege of the prison-bounds, he entered into said bond with the other defendants as his sureties; that afterwards, to wit, &c., without being discharged by due course of law, he did unlawfully escape and go at large, &c. The defendants rejoined, thai Potoell did remain a true prisoner until the-day of -, when E. Dumont, who was the attorney at law of the plaintiffs in obtaining said judgment and issuing said execution, and who was then and there the agent of the plaintiffs, and having as such agent and as such attorney full'power and authority to discharge said Powell, did direct him to be discharged out of custody without prejudice, &c. The plaintiffs surrejoined, that they did not authorize nor empower said Dumont to discharge said Powell in mannei and form, &c. Special demurrer to the surrejoinder. Demurrer sustained, and judgment for the defendants.
The statute of 1841, p. 125, enacts, “That whenever an execution-defendant may be in custody on a writ of capias ad. satisfaciendum, it shall be lawful for the execution-plaintiff or plaintiffs, his, her, or their agent or attorney, to direct the said ' *452 defendant to be discharged without prejudice/’ &c. The pleadings in this case require us to determine whether the statute embraces attorneys at law.
J. Hyman and P. L. Spooner, for the plaintiffs.
J. Dumont, for the defendants.
It has. been decided that the attorney on record can not, .by virtue of his. general character as attorney, discharge a defendant from execution without satisfaction. Jackson v. Bartlett, 8 J. R., 361; Savory v. Ghapman, 11 Ad. & Ellis, 829. We are of opinion, however, that the statute referred to was intended to embrace the plaintiff’s attorney in the *aetion. From its analogy to other statutes in which • similar terms are employed, and which are acknowledged to apply to attorneys at law, and from the power conferred, we think the statute should receive that construction.
A discharge, therefore, by the plaintiffs’ attorney in the action without prejudice, &o.} is binding on the plaintiffs.
It follows that the surrejoinder was bad, for not traversing the allegation that the discharge was made by direction of Dumont as the attorney of the plaintiffs, as well as the averment that it was made by his direction, as the agent of the plaintiffs thereunto authorized. Admitting that the rejoinder was also bad for duplicity, yet if the plaintiffs did not demur to it specially for that reason, they should have traversed both parts of it. 1 Chitt. Pl., 565.
Per Ov/riam.—The judgment is affirmed with costs.