## BARRETT *v.* RUITT.

If a plea be double, the plaintiff may demur to it for duplicity; but if he reply, he must answer both parts of the plea.

ERROR to the *Delaware* Circuit Court.

DAVISON, J.—*Scire facias* by *Ruitt* against *Barrett* to have execution from the Circuit Court, on a judgment of a justice of the peace.

*Tuesday,
February 1,
1853.*

The writ alleges that *Ruitt* recovered a judgment against *Barrett* before a justice of the peace for a certain sum; that a transcript of the judgment was filed with the clerk of the Circuit Court, recorded in the order-book of the Court, and entered on the docket of judgments therein; that afterwards a certificate of the justice was filed in the same office, stating that an execution had issued on the judgment, which was returned "no property."

There are three pleas—1st. That there is no such record of a judgment as set forth in the *scire facias;* 2d. That there is no such certificate on file in said office as set forth in the *scire facias*, and no such return was ever made as therein set forth; 3d. That *Barrett* had no lands in said county subject to execution.

The third plea was demurred to, and the demurrer properly sustained. Replications were filed to the first and

second pleas;—to the first, that there is such record, &c.; and to the second, *precludi non*, because, he says, that there is such certificate on file, as set forth, and this he is ready to verify by the record, &c.

General demurrer to the replication to the second plea overruled.

The cause was submitted to the Court, and judgment for *Ruitt* that he have execution, &c.

The only question in this case is as to the sufficiency of the replication to the second plea.

The plaintiff contends that the replication is bad, on the ground that it professes to answer the whole plea, when it answers a part only. The plea is obviously double. It alleges—1st. That there is no such certificate, &c.; and 2d. That no such return was ever made, &c. The replication affirms that there is such certificate, but does not answer the latter branch of the plea.

We think the replication cannot be sustained. The certificate of the justice, as set out in the *scire facias*, would not, when denied, be proof that a legal return of *nulla bona* had been made; consequently, that part of the plea traversing such a return, sets up a bar to the *scire facias*. *Henkle* v. *German*, 6 Blackf. 423.

The plea being double, *Ruitt* could have demurred specially for duplicity. But having failed to demur, he was bound to answer both parts of the plea. *Neff et al.* v. *Powell et al.*, 6 Blackf. 420.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. March*, for the plaintiff.

*T. J. Sample*, for the defendant.